Johnny P. *JOHNSON*
Appellant
*vs.*
*DINÉ COLLEGE*
Appellee

In the Supreme Court of the Navajo Nation

No. SC-CV-38-01

January 28, 2002

222

Sampson Martinez, Esq., Gallup, New Mexico, for Appellant.

Patterson Joe, Esq., Flagstaff, Arizona, for Appellee.

Before YAZZIE, Chief Justice, and FERGUSON, Associate Justice.

Opinion delivered by FERGUSON, Associate Justice.

We reviewed Appellee's Motion to Dismiss filed on November 1, 2001. In his motion, Appellee stated that the Notice of Appeal and attachments filed with this Court were not provided to him at the time or before the filing of the notice with this Court; when they were finally provided to him several weeks later, the attached Order on Remand was not certified and not complete (only the first and last pages were included); and that a copy of Motion to enlarge Time to File the Hearing Transcripts was not provided to him. Appellee states that he still has not received a copy of this motion. Appellee is asking this Court to dismiss the appeal.

The question is whether failure to serve the opposing party a copy of the Notice of Appeal with a certified and a complete copy of a judgment, order, or administration decision and failure to provide him with other documents, i.e. motions, filed with this Court are grounds for dismissal.

Appellee alleges that when Johnson filed his appeal, he did not comply with Rules 7(a) and 4(b) of the Navajo Rules of Civil Appellate Procedures (NRCAP), and he did not provide him with a Motion for Enlargement of Time to File the Record.

Rule 7(a) of NRCAP requires that a certified copy of the order, judgment or administrative decision be attached to the Notice of Appeal. Failure to comply with this section is grounds for dismissal of appeal. *Joe v. Atkins*, et al., 6 Nav. R. 8 (Nav. Sup. Ct. 1988). Rule 4(b) requires that copies of all of what was filed with this Court pursuant to Rule 7(a) be served upon the opposing party, nothing less. The opposing party must be served by either personal service or by mail. If by mail, service is complete upon mailing. Rule 4(c) requires that the papers presented for filing with this court contain an acknowledgment of service by the person served or that proof of service be made in the form of a statement of the date, manner of service and of the name of the person served, and signed by the person who made service. Proof of service may appear on or annexed to the papers filed.

These rules are grounded on due process and equal protection considerations and failure to comply with the rules as set out may result in an unfair advantage of one party over the other. Failure to comply may result in dismissal of an appeal.

Appellee charges that Appellant did not provide him with a copy of the Notice of Appeal and attachments at the time of or before they were filed. Appellee states that he received them weeks later. In addition, Appellee states that the copy of the Order on Remand issued on August 22, 2001 by the Navajo

Nation Labor Commission was neither certified nor complete, and that he received only the first and last pages. Finally, Appellee charges that Appellant failed to provide him with a copy of his Motion to Enlarge the Time to File the Record. Appellee's charges are serious and we give it a thorough review.

We have before us a case in which counsels to the appellant and appellee contradict what has occurred. On one hand, Appellant has not only denied Appellee's charges in his response to the motion to dismiss but he has also submitted an acknowledgment of service in the documents he has filed with this Court, indicating to us that he has provided in a timely manner required documents to the Appellee. On the other hand, Appellee has stated again and again that Appellant, while acknowledging service and compliance with the NRCAP, had not complied with the rules by providing him with copy of pleading and motion in a timely manner. We are asked to consider the word of Appellant's counsel against that of the Appellee's counsel.

We reviewed the record and find that on September 5, 2001, Appellant filed with this Court, his Notice of Appeal certifying that a "true correct" (sic) copy of "the foregoing Notice of Appeal" was mailed on September 5 , 2001 to the opposing counsel. No mention is made of a certified copy of the Order on Remand. The filed Notice of Appeal, however, does have a certified copy of the Order on Remand. While it appears that Rule 7(a) was complied with, it is not clear as to whether Rule 4(b) of the NRCAP was complied with at all. Rule 4(b) as indicated above require the Appellant to serve upon the opposing party copies of what he actually filed or is going to file on or before the time of filing with this Court.

In response to Appellee's charges, Appellant submitted to this Court an Affidavit swearing under oath that he mailed the Notice of Appeal to Appellee's counsel first class by U.S. Postal Service from Gallup, New Mexico.

While the counsel for the Appellee asserts that Appellant did not provide him with a complete and certified copy of the Order on Remand, he does not provide proof that would be helpful to us. *In Benally v. Navajo Housing Authority*, 3 Nav. R. 55 (Nav. Ct. App. 1981), we addressed a similar charge. There, a party complained he was not served with a Motion for Entry of Default Judgment. At that time, this Court reviewed that charge and the record and found nothing in the record to indicate that the motion was indeed served. Although this Court found that there was no certification of service of the Motion for Entry of Default Judgment, this Court found nothing in the record to support Appellee's charge in the *Benally* case. The absence of the certification of service prompted the judges then to note that such absence made the Appellant more credible; however, this Court stated, "The better practice would be for counsel who claim a document was not served to file an affidavit . . . [t]hat might sway a court on appeal."

Here, while making serious accusations in his Motion and Response, Appellee did not provide us with a sworn affidavit or otherwise that he did not

receive the required documents in a timely manner as required by the NRCAP.

Appellant, on the other hand, provided us with not only the affidavit of his assistant, but he also provided us on September 5, 2001, when he filed his Notice of Appeal a certificate of service that a true and correct copy of the "foregoing Notice of Appeal" was mailed on September 5, 2001 to opposing counsel. The "foregoing" Notice of Appeal we have on record did have attached to it a copy of a certified Order on Remand. Also, on October 4, 2001, when he filed his Motion for Enlargement of Time to Transmit Record, Appellant also provided us with a certificate of service by Freida Hubbard certifying that "a true and correct" copy of the foregoing Motion for Enlargement was mailed on October 4, 2001 to opposing Counsel.

We find that pursuant to our record and lack of Appellee's proof of charges to our satisfaction, Appellant's counsel's practices as shown in the record is proper and in accordance with Rules 7(b), 4(b) and 4(c). Service is completed upon mailing. We are mindful that counsels in applying the rules set out in our NRCAP must apply them in good faith when they certify that they have served the opposing counsel properly and in a timely manner. Failure to do so is within the disciplinary boundaries of the Navajo Nation Bar Association and also within the boundary of the contempt powers of judges where there is abuse of the rules or the court system. Finally, failure to provide proper service or notice in accordance with the rules gives grounds for dismissal.

Based on the foregoing, we deny Appellee's Motion to Dismiss.